UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERA Franchise Systems LLC,

    Plaintiff,

v.

Bowers Realty and Associates, Inc., et al.,

    Defendants.
    _____/

Case No. 10-13279

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' JURY DEMAND [11]**

Before the Court is Plaintiff ERA Franchise Systems, LLC's motion to strike Defendants Bowers Realty and Associates and Darralyn Bowers' jury demand. Because Defendants have not satisfied their burden to prove that they did not knowingly and voluntarily waive their right to a jury trial, the Court GRANTS Plaintiff's motion to strike Defendants' jury demand.

**I.  Facts**

**A. The parties and proceedings**

On August 19, 2010, Plaintiff filed a complaint against Defendants. (Compl., Dkt. 1.) Plaintiff is a real estate brokerage franchise system that licenses certain trademarks and servicemarks to persons or entities interested in using those marks. (Compl. ¶¶ 1, 13.) Plaintiff licensed some of its trademarks and servicemarks to Defendants, a real estate company and its namesake real estate agent. (Compl. ¶ 19.) Plaintiff and Defendants

executed a franchise agreement that governed Defendants' rights to and usage of the marks. Plaintiff alleges, although not relevant to this motion, various claims stemming from Defendants' breach of the franchise agreement.

On September 30, 2010, Defendants answered the complaint. In that answer, Defendants demanded a jury trial. (Dkt. 10.) On October 26, 2010, Plaintiff filed this motion to strike Defendants' demand for a jury trial, arguing that the franchise agreement contained a jury waiver that effectively precluded Defendants' demand. (Dkt. 11.)

**B. The franchise agreement**

The franchise agreement does contain a jury trial waiver. (Pl.'s Mot. to Strike, Ex. 1. at 32.) The waiver appears on the thirty-second page of a thirty-six-paged document. (*Id.*) The waiver falls under the "Miscellaneous" paragraph of the franchise agreement. As the Court views it, the jury waiver appears in subsection "J" as **"WAIVER BY JURY."** (*Id.*) The entire waiver section is in a bold font, and states "[t]he parties waive the right to a jury in any action related to this [franchise a]greement or any aspect of the relationship between [Plaintiff and Defendants] and their respective successors and assigns." (*Id.*)

**II. Analysis**

Although the Seventh Amendment provides litigants with the right to a jury trial to sort out legal matters, litigants can waive this right; and they can do so by contract. U.S. Const. amend VII; *K.M.C. Co. v. Irving Trust Co.*, 757 F.2d 752, 756 (6th Cir. 1985) (stating "parties to a contract may by prior written agreement waive the right to jury trial."). But for a party to waive the right to a jury trial, the waiver must be "knowing and voluntary." *K.M.C.*, 757 F.2d at 756. The party that objects to the jury waiver has the

"burden of demonstrating that its consent to the provisions was not knowing and voluntary." *K.M.C.,* 757 at 758.

Here, Defendants have not demonstrated that their entering into the franchise agreement and thereby waiving their right to a jury was not knowing and voluntary. Defendants do not address this circuit's and this district's case law that has stated that a party can waive the right to a jury by entering into a contract. The law and cases that Defendants do rely on–from other circuits–have such different facts as to not be persuasive in Defendants' arguments.

*K.M.C. Co. v. Irving Trust Company* is the seminal Sixth Circuit opinion on jury waivers. The Sixth Circuit held that the objecting party bears the burden to demonstrate that the jury waiver was not knowing and voluntary and gave an example of how strong the evidence must be to show that the waiver was not knowing or voluntary. There, the plaintiff opposing the jury demand alleged that the defendant represented to the plaintiff that it would not enforce the jury waiver provision under the circumstances addressed in that case. *Id*. at 757. The defendant did not deny the allegation. *Id*. at 758. The Sixth Circuit held that if such a representation were made, the representation would invalidate the jury waiver, because the waiver was not knowing and voluntary as to that circumstance. *Id*. Since the defendant did not deny the allegation, the Sixth Circuit credited the plaintiff's statement. *Id*. The Sixth Circuit therefore held that the lower court did not err when it denied the defendant's motion to strike. *Id*.

Absent such strong evidence as in *K.M.C.,* courts in this district have found waivers such as the one here enforceable–because a waiver in a contract is knowingly and voluntarily made. In *JP Morgan Chase Bank, NA v. Winget*, 639 F. Supp.2d 830,

3

835-36 (E.D.Mich. 2009) (Cohn, J.), the court held that a waiver in the nineteenth section of a guaranty acted as a knowing and voluntary waiver absent any evidence, such as in *K.M.C.,* that the waiver would not be enforced.

Defendants have not presented evidence that they did not knowingly and voluntarily enter into the jury waiver. They offer both Defendant Bowers' affidavit as well as case law from other circuits and courts.

In support of their argument that they did not make a knowing and voluntary waiver of jury trial, Defendants offer Bowers' affidavit. In her affidavit, she states that

- the franchise agreement was nonnegotiable;
- she did not discuss the jury waiver in the franchise agreement;
- Plaintiff did not pay separate consideration for the jury waiver; and
- she was not represented by an attorney prior to or at the time of the franchise agreement's execution.

(Defs.' Resp., Bowers Aff.)

Defendants argue that *Dreiling v. Peugeot Motors of Am., Inc.*, 539 F.Supp. 402 (D.Colo. 1982) should persuade the Court that they did not knowingly and voluntarily waive their right to a jury. There, the court held that the defendants did not present any evidence that the waiver, which was on the twentieth page of a twenty two-page document, was bargained for or even mentioned or brought to the plaintiff's attention. *Id.* at 403. But that court also pointed out that the plaintiff had no other choice but to accept the contract and had little or no opportunity to negotiate the contract's provisions. *Id.* Defendants appear to have based the Bowers Affidavit partially off of this case. But *Dreiling* is inapplicable in this district, since the law differs significantly regarding the

4

burden. In that case, the plaintiff objected to the jury trial and the defendants bore the burden to show that the plaintiff entered into waiver knowingly and voluntarily. *Id.* In this circuit, the party objecting to the jury waiver, here, Defendants, bear the burden to show that they did not enter into the waiver knowingly and voluntarily. *K.M.C.,* 757 at 758.

Defendants also rely on an Illinois district court case that found that a plaintiff, unfamiliar with the American civil jury system and unrepresented by counsel and in desperate need of cash did not knowingly and voluntarily waive his right to a jury trial. *Whirlpool Fin. Corp. v. Sevaux*, 866 F.Supp. 1102, 1106 (N.D. Ill. 1994). Here, Defendants have not established facts similar to *Sevaux*. Although Defendant Bowers' affidavit does track some of *Sevaux*'s facts–such as the franchise agreement's nonnegotiabiltiy, lack of waiver discussion, and lack of representation by counsel–*Sevaux* turned on the defendant's unfamiliarity with the American legal system and his desperate need of cash. Those facts are not present here. Defendants, on their website, state that they have been in the real estate business for forty-five years. (Pl.'s Mot. to Strike, Ex. 4.) Defendants also have not stated that they were forced to accept the franchise agreement or the benefits that flowed from that franchise agreement. Those facts would track *Sevaux* and would be more persuasive to this Court. But since those facts are not present, the Court will not allow Defendants to persuade it with *Sevaux*'s analysis and law.

And finally, Defendants offer a second circuit case to suggest that form contract jury waivers are inherently given unwillingly, unknowingly, and involuntarily. *See Nat'l Equip. Rental, Ltd. v. Hendrix*, 565 F.2d 255 (2d Cir. 1977). But there, the defendant

was also pressed for cash and, although he wanted to consult an attorney, he was dissuaded from doing so. *Id.* at 256. The court also noted the "gross inequality in bargaining power." *Id.* at 258.

The cases Defendants cite therefore are just not persuasive to this Court.

### III. Conclusion

Because the Court finds that the jury waiver provision in the parties' franchise agreement was a knowing and voluntary waiver, the Court GRANTS Plaintiff's motion to strike Defendants' jury demand. Both parties have requested attorneys' fees and costs that they incurred in bringing and responding to this motion. The Court however does not believe that an award to either party is warranted.

                                      s/Nancy G. Edmunds  
                                      Nancy G. Edmunds  
                                      United States District Judge

Dated: February 14, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 14, 2011, by electronic and/or ordinary mail.

                                      s/Carol A. Hemeyer  
                                      Case Manager